IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **In re:** <br><br> **CITY OF HILLVIEW, KENTUCKY,** <br><br> **DEBTOR.** | **Case No. 15-32679** <br><br> **CHAPTER 9** |

**EXPEDITED JOINT NOTICE OF
SETTLEMENT AND MOTION TO MODIFY THE
AUTOMATIC STAY TO EFFECUTATE SETTLEMENT**

Truck America Training, LLC ("Truck America") and the City of Hillview, Kentucky (the "City"), by and through counsel, hereby notify the Court of the terms of a resolution (the "Resolution") reached by the parties of their disputes, and request entry of the attached proposed order granting automatic stay relief to permit the parties to seek entry of the proposed Agreed Order Resolving Truck America's Motion for Immediate Issuance of a Writ of Mandamus (Exhibit 1 hereto, the "State Court Agreed Order") with the Bullitt County Circuit Court (the "State Court"). Entry of the State Court Agreed Order by the State Court is the first step to implementing the Resolution, which will culminate with the voluntary dismissal of this Chapter 9 bankruptcy.[1]

**EVENTS LEADING TO RESOLUTION**

1. On August 24, 2012, the State Court entered a judgment (the "Judgment") in favor of Truck America and against Hillview, ordering Hillview to (i) convey a 40-acre parcel of land located (the "Property") in Bullitt County, Kentucky; and (ii) pay Truck America

---

[1] Because of the limitation of federal court jurisdiction in Chapter 9 cases found in 11 U.S.C. § 904, Chapter 9 debtors are not required to seek court approval for settlements under Fed. R. Bankr. P. 9019. *See In re City of Stockton*, 486 B.R. 194 (Bankr. E.D. Cal. 2013). They may opt to do so, thereby consenting to "judicial interference with the property or revenues of the debtor needed to accomplish the proposed transaction." *Id.* at 199. Hillview does not seek approval of the Resolution here or consent for Section 904 purposes here, but gives notice thereof as a basis for seeking modification of the automatic stay to permit entry of the State Court Order. *See* 11 U.S.C. § 901(a) (Section 362 applies in Chapter 9 cases).

$11,435,259.49 in damages. On April 2, 2015, the Kentucky Supreme Court denied discretionary review of the Judgment, rendering it final.

2. After efforts to consensually resolve the Judgment failed, Hillview filed a petition for relief under Chapter 9 of the Bankruptcy Code on August 20, 2015 (the "Petition Date"). Truck America contested Hillview's Chapter 9 eligibility, and the parties conducted an eligibility trial on December 9, 2015. As of the date of this filing, the Court has not yet ruled on Hillview's Chapter 9 eligibility.

3. The terms of the Resolution below are the product of exhaustive, arms-length negotiations to resolve the Judgment. The parties and their counsel have engaged in numerous and lengthy in-person mediation sessions under the supervision of three separate qualified and capable neutrals: Bankruptcy Judge Steven Rhodes (Bankr. E.D. Mich., Ret.), former County Attorney Walter A. Sholar (Bullitt County, Ky.), and Bankruptcy Judge Thomas A. Fulton (Bankr. W.D. Ky.)

**TERMS OF RESOLUTION**

4. The terms of the Resolution are set forth in full in the State Court Agreed Order, which controls any description herein, but generally they are as follows: the parties have agreed to entry of an agreed order in the underlying mandamus action under which: (i) Hillview will issue general obligation bonds and remit $5,000,000.00 in net proceeds thereof to Truck America; (ii) Hillview will raise its Occupational Tax to 1.8 percent and its Insurance Premium Tax to 7.0 percent; and (iii) commencing in July of 2017, Hillview will pay 8.3% of its annual "Eligible Revenue" (gross general fund revenue minus certain specified deductions) to Truck America for a term of 20 years, which is subject to a discounted "buyout" option beginning in

Year 10.  Assuming entry of the State Court Agreed Order by the State Court, Hillview will seek dismissal of this Chapter 9 bankruptcy case.

## REQUESTED RELIEF

5.  The parties jointly request a narrow modification of the automatic stay only to the extent required to permit the State Court to entertain entry of the State Court Agreed Order. Section 362 of the Bankruptcy Code, applicable here via Section 901(a) of the Bankruptcy Code, otherwise stays the commencement or continuation of any judicial process that arose prior to the Petition Date.  The underlying mandamus action in which the State Court Agreed Order will be filed was instituted prior to the Petition Date and is therefore covered by the automatic stay.

6.  Cause exists to modify the automatic stay because such modification is necessary for entry of the State Court Agreed Order, which is the first step toward implementing the Resolution.  Cause further exists because the beneficiary of the automatic stay agrees to the requested relief.

7.  The parties further request expedited consideration of entry of the proposed Order and notice limited to those parties in interest receiving ECF notices herein.  There are timing milestones in the State Court Agreed Order that are required to be met in order to implement the Resolution, and expedited consideration is therefore warranted.  For the same reason, the parties request language in the proposed Order waiving the otherwise-applicable 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3).

**WHEREFORE,** the parties request entry of the proposed Order to permit them to seek entry of the State Court Agreed Order with the State Court.

Respectfully submitted:

| For the City of Hillview, Kentucky: | For Truck America Training, LLC: |
|---|---|
| By: */s/ Laura Day DelCotto* | By: */s/ Brian H. Meldrum* |
| Laura Day DelCotto, Esq. | Brian H. Meldrum (bmeldrum@stites.com) |
| Jamie L. Harris, Esq. | Katrina L. Miller (kmiller@stites.com) |
| 200 North Upper Street | Brian R. Pollock (bpollock@stites.com) |
| Lexington, KY 40507 | STITES & HARBISON, PLLC |
| Telephone: (859) 231-5800 | 400 West Market Street, Suite 1800 |
| Facsimile: (859) 281-1179 | Louisville, KY 40202 |
| ldelcotto@dlgfirm.com | Telephone: (502) 587-3400 |
| jharris@dlgfirm.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed on March 30, 2016 using the Court's ECF notice system, which shall send electronic notice thereof to all persons requesting such notice.

/s/ *Brian H. Meldrum*
Brian H. Meldrum

4