COMMONWEALTH OF KENTUCKY
BULLITT CIRCUIT COURT
CIVIL ACTION NO. 15-CI-407

TRUCK AMERICA TRAINING, LLC                                    PETITIONER

v.        **AGREED ORDER RESOLVING TRUCK AMERICA'S MOTION FOR
          IMMEDIATE ISSUANCE OF A WRIT OF MANDAMUS**

HILLVIEW CITY COUNCIL, ET AL.                                  RESPONDENTS

\* \* \* \* \*

Petitioner, Truck America Training, LLC ("Truck America"), and Respondents

having resolved their dispute on the terms set forth below (the "Resolution"); the

Bankruptcy Court having given the required authorization in the case of *In re City of*

*Hillview, Kentucky*, Case No. 15-32679 (Bankr. W.D. Ky.) (the "Bankruptcy Case") to

permit entry of this Order; and the and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Resolution below is approved in its entirety,

and Truck America and the Respondents are authorized and directed to take all

required actions to implement the Resolution.

### RECITALS

A.      In April 2005, Truck America brought suit against the City of Hillview

("Hillview") for breach of contract related to the conveyance of a 40-acre parcel of land

(the "Property") in Bullitt County, Kentucky.  The action was styled *Truck America*

*Training, LLC, et. al. v. City of Hillview*, No. 05-CI-00374 (Bullitt Cir. Ct.) (the "Lawsuit");

B.      On August 24, 2012, after a jury trial in the Lawsuit, this Court entered a

judgment (the "Judgment") in favor of Truck America, ordering Hillview to (i) convey

the Property to Truck America; and (ii) pay Truck America $11,435,259.49 for lost profit

damages and damages related to equipment, plus post-judgment interest at the statutory rate of 12% *per annum*. *See* KRS 360.040.

C.    Hillview appealed the Judgment, but the Kentucky Court of Appeals affirmed. *See City of Hillview v. Truck Am. Training, LLC,* No. 2012-CA-00919-MR, 2014 Ky. App. Unpub. Lexis 1033 (Ky. Ct. App. Mar. 7, 2014).    Hillview then sought discretionary review by the Kentucky Supreme Court, which denied relief on April 2, 2015, rendering the Judgment final. *See City of Hillview v. Truck America, LLC,* No. 2014-SC00293, 2015 Ky. LEXIS 1580.

D.    After efforts to consensually resolve the Judgment failed, Hillview filed a Chapter 9 bankruptcy petition with the Bankruptcy Court, commencing the Bankruptcy Case.  Truck America has contested Hillview's eligibility for Chapter 9 relief, and the parties conducted a trial on the eligibility issue on December 9, 2015.  As of the date of entry of this Order, the Bankruptcy Court has not yet ruled on Hillview's Chapter 9 eligibility.

E.    The settlement terms set forth below are the product of exhaustive, arms-length negotiation to resolve the Judgment, including multiple in-person mediation sessions supervised by former Bankruptcy Judge Steven Rhodes, Walter A. Sholar, and Bankruptcy Judge Thomas Fulton.  If approved, these terms will permit the consensual dismissal of the Bankruptcy Case, and provide a mechanism for Hillview's repayment of the Judgment at a discount relative to the current payoff on the Judgment.

**TERMS**

1.      Five business days after the receipt thereof by Hillview and within 120 days of the date hereof (the "Closing Deadline"), Hillview shall pay the net sum of Five Million Dollars ($5,000,000.00) (the "Bond Proceeds") to Truck America (or its designees).  Hillview shall use best efforts to raise the Bond Proceeds by issuing General Obligation bonds.  The failure to remit the Bond Proceeds to Truck America by the Closing Deadline shall be an event of default (a "Default") under this Agreed Order, unless the Closing Deadline is extended in writing by Truck America, which consent shall not be unreasonably withheld if Bond Proceeds issuance is delayed through no fault of the parties hereto.  Hillview shall reasonably cooperate with any information requests made by Truck America relating to the progress and timing of the bond issuance.

2.      As of March 23, 2016, the DelCotto Law Group ("DLG") held approximately $72,000.00 in escrow for Hillview. Within 3 business days following the entry of this  Agreed Order as a final order, and the entry of a final order of dismissal of the Bankruptcy Case, DLG is authorized and directed to pay itself for its final invoice and simultaneously remit the remaining balance 50/50 to Hillview and Truck America or its designee, providing both parties with the calculation of same.

3.      Prior to the Closing Deadline, the City of Hillview, through its Council and Mayor, shall cause its Occupational Tax Rate, currently set at 1.50 percent, to be increased to 1.80 percent.  Prior to the Closing Deadline, the City of Hillview, through its Council and Mayor, shall cause its Insurance Premium Tax Rate, currently set at 5.0 percent, to be increased to 7.0 percent.  During the Direct Payment Term (defined

below), if Hillview, through its then-existing Council and Mayor (or otherwise), makes any attempt to lower or reduce (or eliminate) any tax rates, such attempt shall constitute a Default.

4.      Beginning on July 15, 2017 (the "Direct Payment Commencement Date"), Hillview shall pay to Truck America Training (or its designees) ("Direct Payment") 8.3% of Eligible Revenue ("Direct Payment Amount") made annually for 20 consecutive payment periods ("Direct Payment Term") each July 15.  Eligible Revenue shall be equal to gross general fund revenue received by Hillview in the immediately preceding Calculation Period (defined below), less any applicable Deduction (defined below).

(a)     The Calculation Period for the Direct Payment shall be the period commencing on the immediately-preceding July 1 and ending on June 30, inclusive of those dates.

(b)     Deductions are defined as, and limited to, the following:

(i)     An annual deduction in the fixed amount of $490,000.00 (the "Bond Debt Service Deduction");

(ii)    An annual deduction in the fixed amount of $50,000.00 for purposes of funding and/or replenishing the Emergency Reserve (the "Emergency Reserve Deduction");

(iii)   An annual deduction to the extent that the City of Hillview receives funds in excess of $97,000.00 annually in the form of restricted grants from the following sources: Kentucky Law Enforcement Foundation Program Fund ("KLEPFF"), Kentucky Highway Safety, and Federal Emergency Management Agency (the "Restricted Grant Deduction").  The Restricted Grant Deduction will be based on funds received in the prior fiscal year.  There shall be no Restricted Grant Deduction for the first payment during the Direct Payment Term.

4

(c)     The sum of the Bond Debt Service Deduction, the Emergency Reserve
Deduction, and the Restricted Grant Deduction shall be the total amount
allowed as a Deduction against Eligible Revenue to determine the Direct
Payment Amount.

(d)     The Direct Payment shall be made by wire of good funds to Truck
America (or its designee) by July 15 of each year.  The failure of Truck
America receiving the Direct Payment on the due date is an Event of
Default.

5.      Concurrent with the Direct Payment, the City shall transmit a written
letter or other certification by electronic mail or facsimile, executed by the Hillview
Mayor, Clerk/Treasurer, Auditor, or other official, explaining the calculation of the
Direct Payment, including the tabulation of the Eligible Revenue and the application of
any Deduction ("Calculation Statement").

6.      Provided that no Defaults exist under this Order, on the tenth anniversary of the
Direct Payment Commencement Date (or on any subsequent anniversary thereof) Hillview may,
at its election, pay a lump-sum payment to Truck America in an amount calculated pursuant to
the provisions below in Section 6(a)-(b) (the "Discounted Payoff Amount").  Hillview shall
provide to Truck America sixty (60) days advance written notice of its intention to invoke this
provision, along with a detailed calculation of the proposed Discounted Payoff Amount.
Effective upon Truck America's receipt thereof, payment of the Discounted Payoff Amount shall
be in full satisfaction of all further obligations under the Judgment and/or this Order.

(a)     The Discounted Payoff Amount shall be equal to ninety-five percent (95%) of the
present value of a hypothetical annuity, where (i) the number of payment periods
("n") in such hypothetical annuity equals the number of annual Calculation

5

Periods remaining in the Direct Payment Term for which; (ii) the periodic payment ("P") in such hypothetical annuity equals the arithmetic mean of the three (3) most-recent annual Direct Payments paid pursuant to Section 4, above; and (iii) the discount rate used in the present value calculation ("r") shall be 1.0% plus the "prime rate" of interest charged by U.S. money center banks as published in *The Wall Street Journal* as the "Prime Rate."

(b)     Example calculation of Discounted Payoff Amount calculation, for illustrative purposes only:

Assume that on October 1, 2026, Hillview provides notices to Truck America of its intention to pay the Discounted Payoff Amount. Assume that the three (3) most recent annual Direct Payments were:

| | |
|---|---|
| July 15, 2026: | $280,485.29 |
| July 15, 2025: | $271,244.88 |
| July 15, 2024: | $262,273.60 |

The arithmetic mean of these three payments is $271,334.59. There remains ten Direct Payments to be made from July 15, 2027, through July 15, 2036. Assume that the then current "prime rate" in the *The Wall Street Journal* is 4.5%. The discount rate for the present value is 5.5%. The present value of the remaining stream of payments based on the average payment for the last 3 periods is $2,045,218.60. The Discounted Payoff Amount is ninety-five percent (95%) of the present value, or $1,942,957.67. If Hillview fails to pay the Discounted Payoff Amount within 60 days of its notice, Hillview shall make the required Direct Payment on July 15, 2027.

7.     Hillview shall use its reasonable best efforts to establish a reserve of at least $150,000.00 (the "Emergency Reserve") after entry of this Agreed Order and prior to the Direct Payment Commencement Date.

8.     Within 10 days of entry of this Agreed Order, Hillview shall file a motion to request the dismissal of the Bankruptcy Case by the Bankruptcy Court, and Truck

America shall support such dismissal. If the Bankruptcy Court does not dismiss the Bankruptcy Case following the hearing thereon, this will constitute a Default.

9.      Violation of any term, agreement, covenant and/or condition of the Agreed Order (by the City, its current Mayor/Council, and/or any future Mayor/Council) shall constitute a Default. An attempted appeal of this Agreed Order and/or or any Order dismissing the Bankruptcy Case shall constitute a Default. If any person challenges the legality or enforceability of the tax raises set forth in Paragraph (3) of this Agreed Order, and said challenge is not resolved in favor of the legality and enforceability the tax rates within 180 days, said challenge shall constitute a Default. The following shall also constitute Default(s): any actual or attempted avoidance or material reduction of the obligations of the Agreed Order by any means, including but not limited to merger, combination, dissolution, name change, subsequent bankruptcy, and/or material diminishment of the tax base via condemnation, annexation, or reverse annexation. The obligations of this Agreed Order shall be borne by the tax base of Hillview, regardless of the future form, style, name or class of the municipality.

10.     So long as Hillview complies with the terms hereof (subject to Section 11, below), Truck America (i) shall issue no garnishments, levies, or take any other Judgment enforcement action (other than action to enforce compliance with this Agreed Order); (ii) shall not seek to enforce its Notice of Judgment lien, but which shall remain of record, provided however, that to the extent Truck America is named as a defendant in another party's lien enforcement action, after consultation with Hillview, Truck America may appear therein and protect its rights. Truck America shall be permitted to

7

renew its Judgment to prevent its expiration under KRS 413.090, but such renewed Judgment shall be subject to the terms and conditions of this Agreed Order.

11.     Any Default, which, if not cured within 10 days after notice, shall immediately, and without further notice, void and invalidate all agreements hereunder such that:

(a)     The Judgment entered by this Court on August 24, 2012, in the amount of $11,435,259.49 shall be in full force and effect including all interest which would have accrued since entry of the Judgment and shall continue to accrue interest at the post-judgment rate;

(b)     Hillview shall be entitled to a credit against the Judgment of any payments made to Truck America prior to the Default;

(c)     Truck America shall be entitled to enforce the Judgment, including, without limitation, by renewing this Mandamus Action, by simple motion filed with this Court.

12.     In any action to enforce the obligations of this Agreed Order, the prevailing party shall be entitled to attorneys' fees from the non-prevailing party.

13.     Truck America shall have the right, but not the obligation, to audit Hillview's compliance with the terms of this Agreed Order once annually, at its own expense. Hillview and its officials shall reasonably cooperate with this audit right, provided such audit is preceded by reasonable written notice, and does not unreasonably interfere with Hillview's operations.

14.     In computing any period of time prescribed or allowed by this Order, the day of the act, event or default after which the designated period of time begins to run

is included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the previous day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be included in the computation.

15.    This Court retains jurisdiction to resolve any and all dispute regarding the interpretation of and/or enforcement of this Agreed Order. The parties and their representatives and/or members signing below represent that they have full and proper authority to execute this Agreed Order. Counterpart signatures, including fax and/or .pdf signature pages, are permitted under this Agreed Order.

SO AGREED:

**For Truck America Training, LLC (by its Members):**

_Debby Mobley_
Debby Mobley
Member

_____
Don Keller
Member

_____
James Carter
Member

_____
Terry Myhre
Member

is included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the previous day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be included in the computation.

   15. This Court retains jurisdiction to resolve any and all dispute regarding the interpretation of and/or enforcement of this Agreed Order. The parties and their representatives and/or members signing below represent that they have full and proper authority to execute this Agreed Order. Counterpart signatures, including fax and/or .pdf signature pages, are permitted under this Agreed Order.

SO AGREED:

**For Truck America Training, LLC (by its Members):**

_____  _____
Debby Mobley          Don Keller
Member             Member


_____  _____
James Carter          Terry Myhre
Member             Member

is included. The last day of the period so computed is to be included, unless it is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the previous day which is not a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and legal holidays shall be included in the computation.

15.     This Court retains jurisdiction to resolve any and all dispute regarding the interpretation of and/or enforcement of this Agreed Order. The parties and their representatives and/or members signing below represent that they have full and proper authority to execute this Agreed Order. Counterpart signatures, including fax and/or .pdf signature pages, are permitted under this Agreed Order.

SO AGREED:

**For Truck America Training, LLC (by its Members):**

_____
Debby Mobley
Member

_____
James Carter
Member

_____
Don Keller
Member

_____
Terry Myhre
Member

9

is included. The last day of the period so computed is to be included, unless it is a[7]
Saturday, a Sunday or a legal holiday, in which event the period runs until the end of
the previous day which is not a Saturday, a Sunday or a legal holiday. When the period
of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays
and legal holidays shall be included in the computation.

15.    This Court retains jurisdiction to resolve any and all dispute regarding the
interpretation of and/or enforcement of this Agreed Order. The parties and their
representatives and/or members signing below represent that they have full and
proper authority to execute this Agreed Order.  Counterpart signatures, including fax
and/or .pdf signature pages, are permitted under this Agreed Order.

SO AGREED:

For Truck America Training, LLC (by its Members):

_____          _____
Debby Mobley                              Don Keller
Member                                    Member

_____          _____
James Carter                              Terry Myhre
Member                                    Member

9

For the City of Hillview, Kentucky:

_____
Jim Eadens
Mayor


Reviewed by Counsel of Record for the Parties:

_____
Brian H. Meldrum
Stites & Harbison, PLLC
400 W. Market Street, Suite 1800
Louisville, KY 40202

Counsel for Truck America Training, LLC

_____
Laura Day DelCotto
DelCotto Law Group PLLC
200 North Upper Street
Lexington, KY 40507

Counsel for City of Hillview, Kentucky

_____
Tammy Baker
295 South Buckman Street
P.O. Box 1158
Shepherdsville, KY 40165

Attorney for City of Hillview, Kentucky


SO ORDERED:

_____